## Case No. 5,461.

### GIRARD FIRE & MARINE INS. CO. v. GUERARD et al.

[3 Woods, 427] [1]

Circuit Court, S. D. Georgia. Nov. Term, 1878.

JURISDICTION IN EQUITY — FRAUD OF PERSON NOT PARTY TO SUIT—DISCOVERY.

A court of equity has no jurisdiction of a suit on a bond which, it is alleged, was, through the fraud of a person not a party to the suit, delivered up to be canceled, but which it was claimed was still in force, where no discovery was sought, and where the bill furnished a substantial copy of the bond.

In equity. Heard on demurrer to the bill.

The bill alleged in substance as follows:

On July 6, 1875, the complainant, a fire and marine insurance company of the city of Philadelphia, appointed one Benjamin E. Guerard, of Savannah, Georgia, its agent for that place. Guerard accepted the appointment, and on the same day executed and delivered his bond to the complainant, in the penal sum of three thousand dollars, with the defendants Richard D. Guerard and H. F. Train, sureties, conditioned, among other things, for the faithful performance of his duty as agent of the complainant, according to its rules and instructions, and for the payment to complainant of all cash premiums due on policies issued on applications for insurance taken by him or under his direction, and delivery, without fraud or delay, of all moneys, papers, notes, or other property which should come into his hands or under his control as such agent, and which belonged to complainant. Having given such bond, the said Benjamin E. Guerard entered on his duties as such agent. On or about October 1, 1875, it became known to complainant that Richard D. Guerard, one of the said sureties on said bond, and one of the defendants to the bill, had become a copartner of said Benjamin E. Guerard, in the insurance agency business, at Savannah, which included the agency of complainant. The interest of Richard D. Guerard in the business continued until about December 20, 1876, at which time both he and Benjamin E. Guerard represented to complainant that Richard D. Guerard had sold his interest in said business to said Benjamin E. Guerard, and was about embarking in other business enterprises in which it was required of him that he should be free from any possible embarrassment as a surety for others, that said Richard D., therefore, desired to be relieved from his suretyship on said bond, and that if the bond was delivered up, the said Benjamin E. would furnish to complainant a new bond of indemnity.

Benjamin E. Guerard had, since he became the agent of complainant, made from time to time reports showing the policies of insurance issued and the premiums received

by him, and complainant having full confidence in the truth of his reports, it appeared, therefore, when said request to deliver up said bond was made, that the complainant had received from Benjamin E. Guerard all moneys due from him by reason of his agency, and that all the conditions of his bond, up to the 20th day of December, 1876, had been fully performed. Complainant, therefore, in compliance with the request of Benjamin E. and Richard D. Guerard, did, on the 8th of February, 1877, return by mail to Benjamin E. Guerard the said bond, the complainant having before that time received from him a new bond of indemnity, dated December 20, 1876. On investigation, instituted after the return to Benjamin E. Guerard, of said bond of indemnity, it turned out to be the fact, that prior to the dissolution of said partnership, on December 20, 1876, Benjamin E. Guerard had, at various times, made false and fraudulent reports of the policies issued and premiums received by him; that upon the policies issued he reported premiums received by him only to the amount of forty-nine dollars and fifty-five cents, when, in fact, the amount received by him up to December 20, 1876, was twelve hundred and sixty-one dollars, and the amount fraudulently withheld by him, and not accounted for, was the difference between said amounts, to wit: the sum of twelve hundred and eleven dollars and forty-five cents. This last-named sum, with interest, still remains due and unpaid.

According to the rules of the complainant, well known to Benjamin E. Guerard, it was his duty to report monthly, the amounts received by him for premiums. This duty he failed to perform, and complainant had no knowledge or information of the falsity of the reports of Benjamin E. Guerard, or of his fraudulent conduct towards complainant, until after the first-mentioned bond of indemnity had been returned to him. Had complainant known or suspected the true state of facts, it would not have returned the bond to Benjamin E. Guerard, but was induced so to do by his fraudulent reports and representations. The return of the bond was obtained from complainant by means of the fraud and concealment of material facts practiced by Benjamin E. Guerard. The condition of the bond of indemnity so returned had been broken, and all the obligors were liable thereon before its return to Benjamin E. Guerard. Complainant has requested the return of said bond, but it has not been returned.

Discovery is waived, and the bill prays that the defendants Richard D. Guerard and H. F. Train might be decreed to return and deliver up said bond, if it is in their possession or control; if it has been lost or destroyed, that the court would by decree establish it, and that defendants might be ordered and decreed, jointly and severally, to pay to complainant the said sum of $1,211.45

---

[1] [Reported by Hon. William B. Woods, Circuit Judge, and here reprinted by permission.]

and interest, and all losses, damages and expenses which complainant may have sustained by reason of the promises and the breaches of the condition of said bond aforesaid. A substantial copy of the said bond of indemnity is, as the bill alleges, appended thereto as an exhibit. The principal in the bond, Benjamin E. Guerard, was not made a defendant to the bill, but it was alleged that he had absconded, and, at the time of filing the bill, the complainant did not know his place of residence or sojourn. The defendants demurred to the bill on the ground that this court, as a court of equity, had no jurisdiction of the case made by the bill, there being a plain, adequate and complete remedy at law.

William Garrard, for complainant.
John M. Guerard and J. R. Saussy, for defendants.

WOODS, Circuit Judge. The bill cannot be sustained on the ground of discovery, for discovery is expressly waived, nor on the ground of account, for the complainant states with precision the amount he claims, and if anything is to be added by way of interest or expenses, that can be ascertained as well in a court of law as of equity. Does the fact that the bond is not in the possession of complainant, but that its possession has been obtained by the fraud of one of the obligors, give a court of equity jurisdiction? It does not, if, notwithstanding these facts, there still remains to complainant a plain, adequate and complete remedy at law. These circumstances do not, either in stating the case by pleading, or in proving it by evidence, in a court at law, present any obstacle to a complete and adequate remedy. When a party pleads a deed, or claims or justifies under it, he must, as a general rule, make profert of it. But there are exceptions to this rule, among which is the case where the deed is lost or destroyed, or is in the possession of the opposite party. These circumstances dispense with the necessity of profert. Steph. Pl. 439–441.

In proving the averments of the declaration, when the instrument sued on was lost or in possession of opposite party, there would be no obstacle in a court of law. Even where a written instrument which is required in evidence is in the possession of a third person, yet if there is a privity between such person and the party, a notice to the party is sufficient to let in evidence of its contents. And in case the other party refuses to produce an original deed or agreement which is in his possession, and which he has had notice to produce, secondary evidence of the contents will be received without proof of the execution of the original. 1 Phil. Ev. 440, 452. This is substantially the rule enacted by the Code of Georgia, without regard to the means by which the paper got into the possession of the opposite party. See Code, §§ 3508–3510. So that if the complainant had brought an action at law on the bond, he would have found no difficulty incident to the limited powers of the court, either in stating his case upon the pleadings, or sustaining it upon the evidence.

But it is insisted by complainant's counsel that the bill avers fraudulent conduct and practices on the part of the principal of the bond in obtaining its return, and that these averments give a court of equity jurisdiction. In answer to this, it is to be observed, first, that it is not the fraud of a party defendant to the bill which is complained of. There is no averment that either Richard D. Guerard or H. F. Train was guilty of any fraudulent practices in obtaining possession of the bond or otherwise. It is fraud practiced by a party defendant and not by third persons, which gives a court of equity jurisdiction. 1 Story, Eq. Jur. § 203.

It is not mere fraud which confers jurisdiction on a court of equity. A party may be guilty of fraud in the warranty of personal property sold, but nevertheless the remedy is at law on the warranty. So, if the maker of a bond by fraudulent artifice, or even theft, gets possession of the bond from the obligee, still if the obligee has a duplicate of the bond he cannot proceed in equity to recover upon the bond. A court of equity has jurisdiction to relieve from the consequences of fraud, as where a bond or note is procured, or deed of conveyance obtained, on false and fraudulent pretenses. So where a bond or deed is delivered up on fraudulent representations and is canceled or destroyed. Crosse v. Bedingfield, 12 Sim. 35; East India Co. v. Donald, 9 Ves. 275. But in this case there is no averment that the bond is lost, destroyed or canceled. The averment is simply that one of the parties to the bond, not a party to the suit, had, by false pretenses, obtained the possession of the bond, and the complainant, by his bill, furnishes what he avers to be a substantial copy. The bond is still in force, for the fraudulent acts of the principal in getting possession of it do not cancel it. Even deeds canceled by fraud and imposition are still in force. U. S. v. Spaulding [Case No. 16,365]. The bond, from all that appears by the bill, is in existence, is still in full force and effect, and it can be pleaded and proven without difficulty or obstruction in a court of law. Under these circumstances it seems clear that the fraud of one not a party to the suit, in getting the possession of the bond from the obligee, does not authorize it to go into a court of equity for relief.

The rule to govern such cases is laid down with great precision and clearness by Mr. Justice Campbell in the case of Hipp v. Babin, 19 How. [60 U. S.] 271: "The result of the argument is, that whenever a court of law is competent to take cognizance of a right and has power to proceed to a judgment, which affords a plain, adequate and

complete remedy without the aid of a court of equity, the plaintiff must proceed at law, because the defendant has a constitutional right to a trial by jury."

The demurrer to the bill must be sustained.